IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2024

**DANIELA VALDERRAMA v. ROBYN H. HURVITZ**

**Appeal from the Circuit Court for Monroe County**
No. V-23-0481J    J. Michael Sharp, Judge
_____

**No. E2024-00496-COA-T10B-CV**
_____

Petitioner, Daniela Valderrama, filed an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the trial court's denial of a motion for recusal.  Ms. Valderrama's petition for recusal appeal fails to comply with the requirements of Rule 10B, section 2.03.  Due to Ms. Valderrama's failure to comply with Rule 10B, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and CARMA DENNIS MCGEE, JJ., joined.

Daniela Valderrama, Coker Creek, Tennessee, Pro Se Appellant.

John William Cleveland, Sr., Sweetwater, Tennessee, for the appellee, Robyn H. Hurvitz.

**OPINION**

This is an accelerated interlocutory appeal as of right pursuant to Tennessee Supreme Court Rule 10B from the trial court's denial of a motion for recusal.  In her petition for recusal appeal, Ms. Valderrama contends the trial judge should have recused himself, but fails to formulate any "argument, setting forth [her] contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities[.]"  *See* Tenn. Sup. Ct. R. 10B, § 2.03(c).  Due to Ms. Valderrama's failure to comply with Rule 10B, the appeal is dismissed.

## Background

Among other deficiencies, the petition fails to include "[a] statement of the facts, setting forth the facts relevant to the issues presented for review." *See id.*, § 2.03(b). As best we can discern from the filings accompanying the petition, Ms. Valderrama is an assistant to an individual named William Smith. Mr. Smith is the sole member of Whiskey Barrel Trading Company LLC ("the LLC"). In an earlier, separate lawsuit (the "LLC Case"), the LLC was sued by Robyn H. Hurvitz, who is the Defendant in the lawsuit underlying this recusal appeal. The LLC Case was heard by the Honorable J. Michael Sharp, judge for the Monroe County Circuit Court, who is also the trial court judge in the underlying lawsuit. The LLC was represented by counsel at some point during the LLC Case; however, that counsel withdrew, and it appears that Mr. Smith was permitted to proceed pro se on behalf of the LLC.

The parties in the LLC Case appeared for a hearing on May 1, 2023, at which Mr. Smith was accompanied by Ms. Valderrama. At the beginning of the hearing, Mr. Smith asked the trial court if Ms. Valderrama could join him at the counsel's table to help him because he had "a lot of paperwork." The trial court allowed her to join him and instructed him that "[s]he [could not] speak unless she's a lawyer" but that she could "help [him] with [his] paperwork." Later in the hearing, the following exchange occurred while Mr. Smith was addressing the trial court:

> THE COURT: All right. Is there any -- all right. We're getting awfully close to representation every time you're --
>
> MR. SMITH: I gotcha.
>
> THE COURT: -- screaming, so --
>
> MR. SMITH: So, the only other thing --
>
> THE COURT: Hold on. Are you a -- Stand up, ma'am.
>
> * * *
>
> THE COURT: All right. Good. Ms. Valderrama, are you an attorney?
>
> MS. VALDERRAMA: No, I'm not.
>
> THE COURT: All right. Then you can have a seat there but that's --
>
> MS. VALDERRAMA: I'm sorry.

MR. SMITH: Okay.

THE COURT: -- about as far as I can go with her assisting you today.

Thereafter, Ms. Valderrama filed the underlying lawsuit against Ms. Hurvitz, which Ms. Valderrama states arises out of the same set of facts as the LLC Case. On March 7, 2023, Ms. Valderrama filed a motion for change of venue or, alternatively, for the underlying case to be assigned to a different judge. Ms. Valderrama's motion set forth numerous complaints regarding rulings that the trial court had made in the LLC Case and stated that she had "reason to believe that [the trial court judge's] personal relationship with the defendants' counsel may be influencing his decisions." It appears that Ms. Valderrama's concerns about the relationship between the trial court judge and defense counsel are due to the trial court not sanctioning defense counsel for various actions, unrelated to this case, that Ms. Valderrama finds objectionable. The trial court deemed the motion to be a motion for recusal, which it denied, finding

> that [Ms. Valderrama] has failed to offer the appropriate reasons as required by Rule 10B for recusal. [Ms. Valderrama]'s dissatisfaction with the prior rulings of [the trial court], or her personal feelings about the [trial court judge], are not sufficient grounds for recusal of the trial judge in this case.

Ms. Valderrama now appeals the trial court's denial of her motion.

## Analysis

As this Court has explained:

> Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate court. Tenn. Sup. Ct. R. 10B, § 2.02.

> The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted Petitioner's motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Our standard of review in a Rule 10B appeal is de novo. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo" is defined as "anew, afresh, a second time." *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011CV00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting *Black's Law Dictionary* 392 (5th ed. 1979)).

If we determine, after reviewing the petition and supporting documents, that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tenn. Sup. Ct. R. 10B, § 2.06 also grants this court the discretion to decide the appeal without oral argument.

*Anders v. Anders*, No. W2020-00146-COA-T10B-CV, 2020 WL 507979, at *1 (Tenn. Ct. App. Jan. 31, 2020). Based upon our review of Ms. Valderrama's petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, sections 2.05 and 2.06.

Rule 10B, section 2.03 sets forth clear substantive requirements for petitions for recusal appeal:

The petition for recusal appeal *shall* contain:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and

(d) A short conclusion, stating the precise relief sought.

The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal.

Tenn. Sup. Ct. R. 10B, § 2.03 (emphasis added). In her Petition, which is handwritten in all capital letters, Ms. Valderrama states, in relevant part:

[MS.] VALDERRAMA RESPECTFULLY SUBMITS A MOTION TO APPEAL THE DENYED [*sic*] MOTION TO RECUSE JUDGE MICHAEL SHARP FROM [THE UNDERLYING CASE] . . . TO SUPPORT

- 4 -

EVIDENCE FOR BIAS, IMPARTIALITY, POSIBLE [*sic*] CORRUPTION, FAILING TO RECOGNIZE EXHIBITS AND MORE.

\* \* \*

. . . JUDGE ACTED "MAD" AND DIRECTED TO ME IN A TOTALLY DIFFERENT TONE OF VOICE OF THE ONE HE USED DURING THE WHOLE CASE.

\* \* \*

. . . I WAS A WITNESS IN LIVE OPEN COURT BIAS, POSSIBLE CORRUPTION, NON-ENFORCEMENT OF CRIMINAL AND CIVIL PROCEEDINGS.  I WITNESSED PERJURY, CORPORATE LAWS AND LOCAL LAWS COMPLETELY INGNORED [*sic*], THE UNJUST MALPRACTICE, UNETHICAL MOVES BY A SEASON LAWYER.

ALL THIS WAS BROUGHT UP IN COURT AND TO [THE TRIAL COURT JUDGE], ALL IN THE TRANSCRIPTS [FROM HEARINGS IN THE LLC CASE], AND JUDGE ENFORCED NOTHING.

I NOTICED THIS CASE . . . GOT APPOINTED TO [THE TRIAL COURT JUDGE], WHO AT ONE POINT OF LIVE COURT AND BY HIS TONE OF VOICE HEATEDLY REPRIMANDED ME AND CALLED ME OUT AS I WAS SITTING AT THE BENCH FOR LAWYERS AND PRO SE PEOPLE SIT.

RESPECTFULLY, BY REQUESTING THIS APPEAL TO RECUSE [THE TRIAL COURT JUDGE] FROM THIS CASE WILL ALLOW ME TO PRESENT IT TO ANOTHER JUDGE THAT WON[']T BE PREJUDICE AGAINST ME AND ALLOW ME TO HAVE A FAIR AND IMPARTIAL TRIAL[.]

BY THE DENYING FOR RECUSAL SIGNED BY [THE TRIAL COURT JUDGE], IT SHOWS I WON[']T BE HAVING A FAIR ONE[.]

The petition repeats Ms. Valderrama's complaints set forth in the motion for recusal regarding the trial court's rulings in the LLC Case but sets forth no other purported facts in support of her allegation that the trial court is prejudiced.  Furthermore, she fails to formulate "[a]n argument, setting forth [her] contentions . . . with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief," nor does she cite to any authorities.

- 5 -

"This Court has repeatedly held that the requirements of Rule 10B must be strictly followed." *StoneyBrooke Invs., LLC v. Mccurry*, No. E2024-00253-COA-T10B-CV, 2024 WL 837942, at \*2 (Tenn. Ct. App. Feb. 28, 2024) (citing *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at \*2 (Tenn. Ct. App. Feb. 20, 2015) and *Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at \*3 (Tenn. Ct. App. Nov. 30, 2012)). Although parties proceeding pro se are "entitled to fair and equal treatment by the courts," we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Ms. Valderrama's petition for recusal appeal fails to comply with Rule 10B, section 2.03(b) and (c). These failures are so substantial that, notwithstanding her pro se status, they cannot be overlooked. Any issues Ms. Valderrama has attempted to raise are therefore waived, and the appeal is dismissed. *See Anders*, 2020 WL 507979 at \*2.

## Conclusion

For the foregoing reasons, the appeal is dismissed. The costs of this appeal are taxed to the appellant, Daniela Valderrama, for which execution may issue if necessary. This case is remanded for further proceedings.

_____
KRISTI M. DAVIS, JUDGE